# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrea Middleton, | No. CV-15-00185-TUC-JGZ (BGM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| The City of Tucson; the Tucson Police Department; and Frank Greene, | |
| Defendants. | |

Currently pending before the Court is Defendant Greene's Motion to Dismiss for Failure to State a Claim Against Defendant Greene (Doc. 9). Plaintiff filed her Response to Defendant Greene's Motion to Dismiss (Doc. 17) and Defendant Greene replied (Doc. 18). Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure, this matter was referred to Magistrate Judge Macdonald for Report and Recommendation. The motion is fully briefed, and oral argument was held on April 19, 2016. Minute Entry 4/19/2016 (Doc. 23). The Magistrate Judge recommends that the District Court grant Plaintiff's motion.

. . .

. . .

## I. FACTUAL BACKGROUND

In September 2005, Plaintiff Andrea Middleton began work as a Tucson Police Department ("TPD") patrol officer. Compl. (Doc. 1) at ¶ 10. In early 2009, during the course of her employment, Plaintiff met Defendant Frank Greene, a TPD lieutenant. *Id.* at ¶ 13. Plaintiff and Defendant Greene began a consensual, romantic, dating relationship. *Id.* at ¶ 15. Plaintiff alleges that over time Defendant Greene became physically abusive of her. *Id.* at ¶ 15. Plaintiff's Complaint (Doc. 1) describes more than one incident in which Defendant Greene was abusive toward Plaintiff. *See id.* ¶¶ 16–27. Ultimately, Plaintiff reported Defendant Greene's conduct to TPD's Office of Internal Affairs ("OIA"). Compl. (Doc. 1) at ¶ 28. Plaintiff further alleges misconduct by Officer Greene throughout the internal affairs process, as well as on the job mistreatment by him. *See id.* ¶¶ 29–124.

## II. STANDARD OF REVIEW

A complaint is to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a), Fed. R. Civ. P. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998) ("conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss.").

Dismissal is appropriate where a plaintiff has failed to "state a claim upon which relief can be granted." Rule 12(b)(6), Fed. R. Civ. P. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). Further, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citations omitted).

"When ruling on a motion to dismiss, [the Court must] accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Association for Los Angeles Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011) (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005)). "The court draws all reasonable inferences in favor of the plaintiff." *Id.* (citing *Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008)). This Court is not required, however, to accept conclusory statements as a factual basis. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007); *Mann v. City of Tucson*, 782 F.2d 790, 793 (9th Cir. 1986) ("Although we must, in general, accept the facts alleged in the complaint as true, wholly vague and conclusory allegations are not sufficient to withstand a motion to dismiss."); *See also Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir.

2007) ("Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment").

### III. ANALYSIS

Defendant Greene seeks dismissal of this cause of action, because "there is no individual liability under Title VII[.]" Def. Greene's Mot. to Dismiss (Doc. 9). In opposition to Defendant Greene's motion, Plaintiff relies on *Jendusa v. Cancer Treatment Centers of Am., Inc.*, a district court case from the Northern District of Illinois. 868 F.Supp. 1006 (N.D. Ill. 1994). Plaintiff argues that *Miller* was wrongly decided and urges this Court to adopt the reasoning cited in *Jendusa* to find Defendant Greene can be held individually liable under Title VII. Pl.'s Response (Doc. 17).

The Ninth Circuit Court of Appeals has expressly recognized that "[t]here is no reason to stretch the liability of individual employees beyond the respondeat superior principle intended by Congress." *Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 588 (9th Cir. 1993). In *Miller*, the plaintiff alleged sex and age discrimination under Title VII, 42 U.S.C. §§ 2000e, *et seq.* and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 269, *et seq.* against her employer and six individual defendants. *Miller*, 991 F.2d at 584. The *Miller* court held, "[u]nder our interpretation of *Padway* and the Title VII and ADEA statutory schemes, Miller's claims against the defendants in their individual capacities properly were dismissed for failure to state a claim." *Id.* As such, in this circuit, supervisory employees are protected from liability in their individual capacities. *Id.* at 587.

- 4 -

"A district judge may not respectfully (or disrespectfully) disagree with his learned colleagues on his own court of appeals who have ruled on a controlling legal issue, or with Supreme Court Justices writing for a majority of the Court." *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001). "Binding authority within this regime cannot be considered and cast aside; it is not merely evidence of what the law is . . . caselaw on point *is* the law." *Id.* (emphasis in original); *see also Zuniga v. United Can Co.*, 812 F.2d 443, 450 (9th Cir. 1987) ("District courts are . . . bound by the law of their own circuit"). To his credit, Plaintiff's counsel conceded at oral argument that *Miller* is binding authority upon this Court, but indicated Plaintiff's desire to preserve the record. In light of binding Ninth Circuit precedent, Defendant Greene's Motion to Dismiss for Failure to State a Claim (Doc. 9) is granted.

## IV. RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order GRANTING to Dismiss for Failure to State a Claim (Doc. 9).

. . .

. . .

. . .

. . .

. . .

. . .

Pursuant to 28 U.S.C. §636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV-15-0185-TUC-JGZ**.

Dated this 19th day of April, 2016.

Honorable Bruce G. Macdonald
United States Magistrate Judge